UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-03017

**Urbina Diaz,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Edward Jose Urbina Diaz is a native and citizen of Venezuela currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226(a). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing, a declaration that his detention is unlawful, and an order requiring advance notice of his transfer outside the Western District of Texas. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner was admitted to the United States on or about April 3, 2021, as a nonimmigrant visitor for pleasure with authorization to remain in the United States until October 2, 2021. Petitioner was arrested for driving while intoxicated on or about August 10, 2026. Petitioner was served with a Notice to Appear and detained by federal immigration authorities on August 12, 2026. Petitioner was then transferred to the T. Don Hutto Detention Center in Taylor, Texas where he is currently detained.

On September 17, 2026, Petitioner appeared in front of an immigration judge for a section 1226(a) bond hearing. The

immigration judge denied bond based on the finding that Petitioner was a danger to the community. Petitioner is currently in full removal proceedings with his next scheduled hearing on November 30, 2026.

Petitioner filed a habeas petition on October 27, 2026, contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court construes his Petition generously. Read in that light, the Petition appears to allege that Petitioner's pre-removal detention is unlawful because it violates due process and the Immigration and Nationality Act (INA). Petitioner's arguments, however, fail.

Petitioner is not entitled to habeas relief because he has not exhausted his administrative remedies. Petitioner is detained pursuant to section 1226(a) because he was admitted to the United States on a temporary visa that has since expired. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505 (5th Cir. 2026) ("§ 1226(a) applies to admitted aliens who overstay their visas"). And section 1226(a) "*permits*, but does not require," the release of detained aliens on bond. *Id.* at 499 (emphasis added). Petitioner received his requested bond hearing, and the immigration judge denied bond. *See* ECF No. 7-3 at 3 (denying bond because Petitioner was a "[d]anger to the community"). A person seeking habeas relief must first exhaust all administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). Here, Petitioner's proper avenue for relief is through administrative remedies, such as an appeal to the Board of Immigration Appeals or a request for a subsequent bond redetermination. *See generally* 8 C.F.R. §§ 1003.19, 1236.1. Because Petitioner has not exhausted his administrative remedies, he is not entitled to habeas relief.

Petitioner also appears to seek this Court's review of the immigration judge's decision to deny him release on bond. *See* ECF No. 1 at 2. But this Court does not have jurisdiction to review "discretionary decisions about the application of

§ 1226 to particular cases." *Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (internal quotation marks omitted). As discussed, Section 1226(a)(2) provides that an alien "may" be released on bond during removal proceedings but does not require it. Therefore, this Court does not have jurisdiction to review the immigration judge's decision to deny Petitioner's release on bond. *See Gonzalez v. Ashcroft*, 139 F. App'x 639, 640 (5th Cir. 2005) (per curiam) ("Because the [immigration judge's] decision ultimately involved the exercise of discretion, [the Court] do[es] not have jurisdiction to review it.").

To the extent Petitioner argues his detention violates due process and the INA because he is entitled to an additional bond hearing, that argument fails too. This Court does have jurisdiction "to review [Petitioner's] detention insofar as that detention presents constitutional issues[.]" *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005). Petitioner initially requested and received a section 1226(a) bond hearing. "[D]ue process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, 193 F.4th 837, 847, 856 (5th Cir. 2026) (en banc). Thus, due process does not entitle Petitioner to an additional bond hearing or to his release. *See id.* at 888 (Oldham, J. concurring) ("Illegal aliens are entitled to the process that Congress can give them, and nothing more."). Congress expressly authorized detention of an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). And it is well established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory

text nor the Due Process Clause therefore requires granting the writ.

Petitioner is also not entitled to notice prior to his transfer outside the Western District of Texas. Petitioner presents no persuasive reason for the Court to order Respondents to notify Petitioner or the Court prior to transferring him outside the Western District of Texas. Transfer would not deprive this Court of jurisdiction over Petitioner's petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court [where he originally filed his petition] retains jurisdiction[.]"). Petitioner has provided no reason why his transfer with or without notice would be unlawful. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). Respondents are under no obligation to notify the Court prior to transferring Petitioner. And as this order explains, his detention is, in fact, lawful. Petitioner's request is denied.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 20, 2026.*



ANDREW DAVIS
United States District Judge